**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Gary Hoag, | ) | No. CIV 04-0597-PHX-MHM |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) ) | |
| Social Security Administration; and Jo Anne Barnhart, Commissioner, Social Security Administration, | ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff is currently receiving disability insurance benefits ("DIB") under Title II of the Social Security Act. Plaintiff originally filed a complaint seeking declaratory and injunctive relief and damages regarding action taken on his application for disability benefits by the Appeals Council ("Appeals Council") of the Office of Hearings and Appeals of the Social Security Administration ("SSA"). Plaintiff has now filed an amended complaint limiting his claim for relief to seeking only judicial review of the Appeals Council's reopening and remand order of January 22, 2004. (Doc. 23). Plaintiff states in the amended complaint that he is seeking an Order from this Court to prevent Defendants from imposing any further cessation hearing upon him unless Defendants initiate a continuing disability review by the appropriate state agency. Plaintiff further contends that the reopening and remand order of January 22, 2004 is constitutionally invalid. Plaintiff also has asked this

Court to order a remand to compel Defendants to account for and pay any improperly withheld DIB payment to Plaintiff as a result of an unfavorable decision of the Administrative Law Judge on August 30, 2002. In addition to the amended complaint, Plaintiff has filed a supplemental memorandum that further explains the theory of his case. (Doc. 25).

Defendants have filed a motion to dismiss Plaintiff's amended complaint (Doc. 26), supported by a memorandum of points and authority (Doc. 27), claiming that this Court lacks subject matter jurisdiction over this action because Plaintiff has not exhausted his administrative remedies. Instead of filing a response to Defendants' motion to dismiss, Plaintiff has filed a first motion for summary judgment (Doc. 29) and a second motion for summary judgment supported by a separate statement of facts and memorandum of authority. (Doc. 30). Defendants have filed a reply in support of their motion to dismiss (Doc. 31), and a motion to stay Plaintiff's motion for summary judgment. (Doc. 33). Plaintiff has filed a reply on summary judgment. (Doc. 32). The Court has determined that oral argument would not materially assist in the disposition of these pending motions. Plaintiff states in the amended complaint that this Court's jurisdiction is based on 42 U.S.C. § 405(g) and 20 C.F.R. § 404.981.

By way of background, and based on the allegations set forth in the amended complaint, on May 23, 1995, the SSA granted Plaintiff disability benefits eligibility effective March 17, 1994. In September 2000, the SSA notified Plaintiff that his benefits would cease on November 1, 2000. It appears that Plaintiff sought reconsideration but was notified in March 2001 that his benefits would stop. Plaintiff requested a hearing before an ALJ and a hearing was held on August 16, 2002. An unfavorable decision issued on August 30, 2002 terminating Plaintiff's benefits of $870.00 per month as of September 1, 2002. Plaintiff contends that the ALJ decision was made without any medical or vocational expert present. In October 2002, Plaintiff appealed the unfavorable decision to the Appeals Council. (Doc. 23, amended complaint, at paras. 5-11). Meanwhile, Plaintiff re-applied for disability

1  benefits on November 12, 2002, and in March 2003 was approved for continued disability
2  benefits retroactive to August 31, 2002.

3  Plaintiff alleges that on November 15, 2002, the SSA notified him of an alleged
4  overpayment amount of $18,083.00, the amount of benefits he received on appeal prior to
5  the unfavorable ALJ decision. Plaintiff alleges that as of December 31, 2003, he has been
6  denied DIB payments totaling at least $8,844.00 as a result of the termination of benefits
7  after September 1, 2002. (id., at paras. 10-12).

8  On December 8, 2003, the Appeals Council notified Plaintiff that it intended to vacate
9  the unfavorable ALJ decision of August 30, 2002 and re-open the March 2003 favorable
10 disability determination for further consideration. On or about January 6, 2004, Plaintiff filed
11 objections to the Appeals Council's proposed remand and re-opening decision and requested
12 repayment of disability benefit payments withheld as a result of the August 30, 2002
13 unfavorable ALJ decision. On or about January 26, 2004, the Appeals Council notified
14 Plaintiff of its January 22, 2004 decision to vacate the ALJ's unfavorable decision and re-
15 open the favorable disability decision. More specifically, in the January 22, 2004 decision,
16 the Appeals Council vacated the unfavorable decision of the ALJ dated August 30, 2002, and
17 remanded the appeal to the ALJ with instructions to conduct a disability determination. The
18 Appeals Council in the January 22nd decision also "reopened" the favorable decision of the
19 Disability Determination Services of the Arizona Department of Economic Security ("DDS-
20 DES") which had granted disability income and medical benefits to Plaintiff commencing
21 on and after August 31, 2002. (id., at paras. 13-14).

22 Plaintiff in the amended complaint seeks review by this Court of the Appeals
23 Council's January 22, 2004 decision to vacate and re-open the two matters and that this Court
24 should find this Appeals Council's decision a "final" agency decision so that review can
25 occur. Plaintiff alleges that he was denied meaningful opportunity to object to or appeal the
26 Appeals Council's decision. Plaintiff requests, in the alternative, that this Court waive any
27 further duty on his part to exhaust his administrative remedies. Plaintiff essentially is

28

1 seeking a determination that his award of disability benefits should continue and that he is
2 entitled to any withheld benefits. (id., at section IV - Requested Relief).

3       In moving to dismiss Plaintiff's amended complaint based on lack of subject matter
4 jurisdiction, Defendants contend that the Appeals Council lawfully vacated the March 2001
5 unfavorable decision of disability cessation and re-opened the March 2003 disability
6 determination, consolidated Plaintiff's two DIB applications, and remanded Plaintiff's
7 consolidated claims to an ALJ for further proceedings. Defendants contend that this decision
8 is not a final decision of the Commissioner and thus is not subject to judicial review.

9       Judicial review of "any claim arising under" the Social Security Act may be obtained
10 only as provided under the Act. 42 U.S.C. § 405(h). See Shalala v. Illinois Council on Long
11 Term Care, Inc., 529 U.S. 1, 10 (2000). Review is limited to "any final decision" of the SSA.
12 42 U.S.C. § 405(g). Under this section, the only judicial remedy available to a claimant on
13 a Title II claim is by a civil action that challenges a "final decision" of the Commissioner.
14 Matlock v. Sullivan, 908 F.2d 492, 493 (9th Cir. 1990). The meaning of "final decision" has
15 been left to the Commissioner to flesh out by regulation. Weinberger v. Salfi, 422 U.S. 749,
16 766 (1975).   Applying the Commissioner's regulations, as required by the Supreme Court
17 and the Ninth Circuit, a reviewable "final decision" is one that results from an order by the
18 Appeals Council that either reviews and makes a new decision or denies review of an ALJ's
19 hearing decision. Matlock, 908 F.2d at 493; 20 C.F.R. § 404.981. Several courts have held
20 that an Appeals Council order remanding a case to the ALJ for further proceedings is not an
21 appealable final decision. See, e.g., Weeks v. Social Security Administration Commissioner,
22 230 F.3d 6, 7-8 (1st Cir. 2000), and cases cited in Defendants' memorandum in support of
23 motion to dismiss at pp. 5-6.

24       In this case, the Appeals Council did not deny review or make a new decision on
25 Plaintiff's claim. Rather, the Appeals Council ordered Plaintiff's case to be remanded for
26 further administrative proceedings, pursuant to 20 C.F.R. § 404.977, which provides for

27

28

- 4 -

1  remanding a case for a new hearing. The Appeals Council's remand order is not a "final
2  decision" subject to judicial review. See 20 C.F.R. §§ 404.977, 404.979, 404.981.

3        The Appeals Council stated in its December 2003 notice to Plaintiff that it was
4  exercising its discretion to reopen the March 2003 finding of disability on the basis of new
5  and material evidence. (see amended complaint, Appendix A). The Appeals Council acted
6  in January 2004 which was within twelve months of April 2003, the date of Plaintiff's
7  favorable determination. This complies with 20 C.F.R. § 404.988 which provides that a
8  decision may be reopened within 12 months of the date of the notice of initial determination
9  "for any reason"; or, within four years of the date of the notice of the initial determination
10 based on "good cause." "Good cause" for reopening will be found where "[n]ew and material
11 evidence is furnished...." 20 C.F.R. § 404.989. The Commissioner's regulations grant the
12 Appeals Council discretion to reopen a claim even after a final decision has been rendered.
13 See Overend v. Sullivan, 879 F.2d 673, 675 (9th Cir. 1989). The discretionary reopening of
14 a claim for benefits is not subject to judicial review.

15       This Court therefore lacks subject matter jurisdiction to review the merits of the
16 underlying hearing decision regarding the "remand" and the "reopening." See Bacon v.
17 Sullivan, 969 F.2d 1517, 1520-1521 (3d Cir. 1992)(district court erred in reviewing merits
18 of underlying social security case where Appeals Council order did not constitute a final
19 decision subject to judicial review); Taylor v. Heckler, 765 F.2d 872, 877 (9th Cir.
20 1985)("discretionary decisions are not 'final and binding decisions' within the meaning of
21 405(g)").

22       In limited circumstances the administrative exhaustion requirements set forth in the
23 Social Security regulations may be judicially waived. The Court of Appeals for the Ninth
24 Circuit has adopted the following three-part test relevant to judicial waiver:

25      The claim must be (1) collateral to a substantive claim of
        entitlement (collaterality), (2) colorable in its showing that
26      denial of relief will cause irreparable harm (irreparability), and
        (3) one whose resolution would not serve the purposes of
27      exhaustion (futility).

28

Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir. 2003). All three requirements must be proved for waiver of administrative exhaustion. Id., at 1082-84.

Plaintiff has not satisfied these requirements to obtain review based on judicial waiver of exhaustion. First, Plaintiff's claims are not collateral to his claim for benefits. As Defendants point out, Plaintiff's claims in the amended complaint are "essentially a claim for benefits." Plaintiff in his request for relief seeks a determination that he is and was entitled to benefits and that he is entitled to back benefits. Plaintiff is not attempting to invalidate an agency policy as in Johnson v. Shalala, 2 F.3d 918 (9th Cir. 1993). Plaintiff's claims do not rise to the level of statutory or due process violations that have the practical effect of denying Plaintiff a forum so that his only meaningful remedy is through the courts.

Second, Plaintiff's claims are not "colorable" and he has not shown that he will suffer irreparable harm. The Commissioner's actions in vacating the ALJ's unfavorable decision and re-opening the favorable decision and remanding for further proceedings were not without authority. See 20 C.F.R. § 404.979 (giving authority to Appeals Council to remand a case to an ALJ for a new hearing and decision) and § 404.970 (giving authority to the Appeals Council to consider new and material evidence to determine if an ALJ's decision should be vacated); Overend, 879 F.2d at 675 (Commissioner may reopen a final ALJ decision as permitted by 20 C.F.R. §§ 404.987-404.989). Plaintiff contends in his supplemental memorandum explaining his theory of the case that he was rendered homeless as a result of the September 1, 2002 cessation of benefits and that Defendants' remand and re-opening decision has put him in "continued peril." Economic hardship constitutes irreparable injury. Kildare, 325 F.3d at 1083. In Kildare, the plaintiffs showed subsistence on food stamps, lack of medical insurance and homelessness. Id. Plaintiff is presently receiving benefits. Plaintiff does not contend that he is presently homeless. Plaintiff states in his amended complaint that he "is not seeking the award of DIB benefits because Plaintiff

already has full DIB coverage." (Doc. 23 - amended complaint, "IV. Requested Relief" at (A)(2)(a)). Plaintiff has not shown irreparable harm based on the present record.

Third, and finally, Plaintiff has not shown that further administrative process would be futile. Plaintiff has alleged no unlawful policy causing harm which cannot be corrected through the administrative process. Any error in the Commissioner's assessment and/or recovery of an overpayment or regarding a finding of disability cessation may be considered and corrected on administrative review. See Kildare, 325 F.3d at 1084 (futility requirement not satisfied where administrative review may fix alleged errors and purposes of exhaustion would not be served by waiver of exhaustion requirement).

**Accordingly**,

**IT IS ORDERED** that Defendants' motion to dismiss Plaintiff's amended complaint (Doc. 26) is granted.

**IT IS FURTHER ORDERED** that Plaintiff's amended complaint (Doc. 23) is dismissed based on lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiff's motions for summary judgment (Doc. 29 & 30) are dismissed as moot.

**IT IS FURTHER ORDERED** that Defendants' motion to stay Plaintiff's motion for summary judgment (Doc. 33) is denied as moot.

DATED this 14th day of September, 2006.

Mary H. Murguia
United States District Judge